IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-211-BO

| | |
|---|---|
| MARTHA BELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 18] and defendant's motion for summary judgment [DE 20]. A hearing was held on the motions before the undersigned on June 17, 2021, at Edenton, North Carolina. For the reasons that follow, plaintiff's motion is granted, and this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying h45 application for disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff filed an application for a period of disability and disability insurance benefits on October 13, 2016, alleging a disability onset date of July 28, 2016. After initial denials, an administrative law judge (ALJ) held a video hearing on November 30, 2018, and subsequently found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 28, 2016. The ALJ found that plaintiff's left shoulder dysfunction status-post surgery, left knee arthritis, hip bursitis and degenerative joint disease, and right elbow degenerative joint disease were severe impairments at step two, but that either alone or in combination her impairments did not meet or equal a Listing. The ALJ further found that plaintiff had been diagnosed with or received treatment for carpal tunnel syndrome, diabetes mellitus, and obesity, but that there was no indication that these impairments caused more the minimal functional limitations in the ability to perform basic work activities and were therefore non-severe. The ALJ determined that plaintiff had the residual functional capacity to perform light work with limitations with some additions and at steps four and five found that plaintiff was unable to perform past relevant work but that, considering her age, education, work experience, and RFC,

there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

Upon review of the record and decision, the Court concludes that reversal is appropriate because the ALJ failed to evaluate and assign weight to the August 2018 medical opinion of Dr. Andrew Bush, plaintiff's treating specialist. The ALJ must carefully weigh the opinions of the medical sources on file through considering several factors, including length of the treatment relationship, supportability, consistency, and specialization. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ must consider all medical opinion given in the case, assess the weight given to each opinion, and explain any conflict between a medical opinion and the ALJ's RFC. *Id.* at § 404.1527(b). Furthermore, a treating physician's opinion is controlling "unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record." *Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008) (citing 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). The treating physician rule is applicable to cases filed before March 27, 2017. *See Brown v. Comm'r Soc. Sec. Admin.*, 873 F. 3d 251, 255 (4th Cir. 2017).

Dr. Bush, in his opinion, limited plaintiff to lifting no more than two or three pounds and no pushing or pulling with the left upper extremity. Dr. Bush stated that these restrictions were permanent in nature. In her decision, the ALJ failed to mention or evaluation and assign weight to this medical opinion. She included no weight limit on plaintiff's left upper extremity usage beyond the light work RFC, which allows lifting up to twenty pounds occasionally and ten pounds frequently. Therefore, this case be remanded so that the ALJ can properly evaluate and assign weight to Dr. Bush's medical opinion.

Furthermore, the ALJ failed to perform a function-by-function analysis in arrive at her RFC of light work. A proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). The ALJ's logical explanation is just as important as the other elements, and "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Id.*

Here, the ALJ found that plaintiff could perform the full range of light work lifting and carrying, only restricting her overhead reaching on the left to occasional. At no point does the ALJ explain how, based on plaintiff's complaints of exacerbated pain reaching in various directions and displaying limited abduction and limitation in other range of motion directions on exam, plaintiff could be expected to reach in directions other than overhead constantly. Furthermore, the ALJ does not explain how plaintiff could lift up to twenty pounds during the day, as required by her RFC, despite evidence showing significant signs of diffuse weakness in the left arm despite multiple surgical procedure, injections, and physical therapy sessions. This case must therefore be remanded for function-by-function assessment of plaintiff's contested ability to use her left upper extremity for reaching, lifting, and carrying and her ability to lift, carry, handle, and finger with her hands.

The Court in its discretion finds that remand is appropriate. Remand is appropriate where, as in this case, an ALJ fails to discuss relevant evidence that weighs against her decision and fails to properly form a logical bridge between the evidence and her conclusions.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion for summary judgment [DE 20] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this 23 day of June, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE